**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:19-cv-22548-KMM

ROSA RODRIGUEZ, obo R.C., a minor child,

      Plaintiff,

v.

COMMISIONER OF
SOCIAL SECURITY,
*Andrew Saul*,[1]

      Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the parties' cross motions for summary judgment. Plaintiff Rosa Rodriguez ("Plaintiff"), on behalf of her son R.C. ("Claimant"), filed the Complaint seeking review of a final decision of the Commissioner of Social Security ("Defendant"). (ECF No. 1). On December 12, 2019, Plaintiff filed her Motion for Summary Judgment ("Pl.'s Mot.") and Statement of Material Facts. (ECF Nos. 20, 21). On January 13, 2020, Defendant filed his Motion for Summary Judgment and Response to Plaintiff's Motion. ("Def.'s Mot.") (ECF No. 22).[2] The Court referred the matter to United States Magistrate Judge Jacqueline Becerra who issued a Report and Recommendation recommending that Plaintiff's Motion be DENIED and Defendant's Motion be GRANTED. ("R&R") (ECF No. 25). Plaintiff filed Objections to the R&R. ("Objs.") (ECF No. 28). The matter is now ripe for review.[3] As set

---

[1] Although Nancy A. Berryhill, Commissioner of Social Security, is named as Defendant, Andrew Saul is now the Commissioner of Social Security and is automatically substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d). Fed. R. Civ. P. 25(d).

[2] Although the docket reflects that Defendant filed his Response to Plaintiff's Motion (ECF No. 23) separately from Defendant's Motion, the documents are identical.

[3] The Court assumes familiarity with the facts and procedural history, which are set forth in the R&R. *See* R&R at 1–9.

forth below, the Court ADOPTS IN PART the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

As set forth in the R&R, Magistrate Judge Becerra finds that (1) the Administrative Law Judge ("ALJ") properly considered the medical evidence presented, (2) substantial evidence supported the ALJ's finding that Claimant had less than "marked" limitations in his ability to acquire and use information, and (3) substantial evidence supported the ALJ's finding that Claimant had less than "marked" limitations in his ability to move about and manipulate objects. R&R at 11–27. In coming to the first finding, Magistrate Judge Becerra finds that the ALJ did not err in discounting expert opinions given by Claimant's psychologist, Elsa M. Marban, L.M.H.C., Psy.D. ("Dr. Marban"), and that if the ALJ did err, such error was harmless because Dr. Marban's opinions were consistent with the ALJ's findings. R&R at 19–21.

In the Objections, Plaintiff argues that the ALJ and Magistrate Judge Becerra failed to properly consider behavioral assessment results obtained and documented by Dr. Marban and that those test results constitute a *prima facie* showing of Claimant's entitlement to disability benefits. Specifically, Plaintiff argues that the ALJ and Magistrate Judge Becerra failed to properly consider Dr. Marban's administration of the Weschler Intelligence Scale tests, the results of which Plaintiff submitted to the ALJ in the form of a table that summarizes Claimant's test scores in Verbal

2

Comprehension, Visual Spatial, Fluid Reasoning, Working Memory, and Processing Speed categories. R. at 575[4]; *see generally* Objs. Dr. Marban included Claimant's Total Raw Score, Scaled Score, Percentile Rank, Age Equivalent, and *SEM* in each category.[5] *Id.* In her Motion, Plaintiff argued that the results of Dr. Marban's test presumptively indicated that Claimant scored three standard deviations below the mean in one of two subtests under the Verbal Comprehension category, and two standard deviations below the mean in the other. Pl.'s Mot. at 17.

A child under the age of eighteen is entitled to social security income benefits for a disability if the child has "a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations." 20 C.F.R. § 416.906. "Marked and severe functional limitations" rise to a level that is functionally or medically equal to a set of listed impairments found at 20 C.F.R., pt. 404, subpt. P, app. 1. *Id.* § 416.902(h). Functional equivalency to the listed impairments requires a "marked" limitation in two domains of functioning—the equivalent of standardized testing results "that are at least two, but less than three, standard deviations below the mean,"—or a "severe" limitation in one domain of functioning—the equivalent of standardized testing results "that are at least three standard deviations below the mean." *Id.* §§ 416.926a(a)(d), 416.926a(e)(2)–(3). The "domains of functioning" include "acquiring and using information" and "moving about and manipulating objects." *Id.* § 416.924(d).

As set forth in the R&R, Magistrate Judge Becerra finds that the ALJ did not err because Dr. Marban's test results table "do[] not state what deviation is represented by the scores, nor

---

[4] References herein to "R. at __" are to the Social Security record, the pertinent parts of which can be found at (ECF No. 12). All page numbers refer to those assigned by the electronic docketing system, as reflected on the top right corner of each page.

[5] *SEM* is not defined in Dr. Marban's report.

do[es] [the table] speak of standard deviations." R&R at 21. Indeed, in the Objections, Plaintiff concedes that "[p]erhaps Plaintiff's largest misstep was in failing to take the additional measure of explaining the actual conversion of the reported scores" into standard deviations. Objs. at 2. Nevertheless, Plaintiff argues that the ALJ and Magistrate Judge Becerra did not need any medical or mathematical knowledge or experience "to simply look up the reported metric and then look to the column with the desired metric." *Id.* Notably, Plaintiff then spent two and a half pages explaining that statistical conversion and attached a two-page "Psychometric Conversion Table" which converts percentile ranks and scaled scores into standard deviations above or below the mean. *Id.* at 2–4; (ECF No. 28-1).

Dr. Marban's Weschler Intelligence Scale results indicate that on the Similarities subtest of the Verbal Comprehension examination, Claimant scored in only the 0.1 percentile, with a raw score of 0 and a scaled score of 1. R. at 575. The report which contains these results does not explain where Dr. Marban's benchmarks are derived from, nor what the scores mean in context. *See id.* at 572–578. Critically, there is no mention of the mean score for each category, or how many standard deviations Claimant scored above or below the mean. *See id.* The Psychometric Conversion Table attached to the Objections indicates that a scaled score of 1 correlates with a score in the 0.1 percentile and three standard deviations below the mean. *See* (ECF No. 28-1). Plaintiff explains that "a score that ranks at the 0.1 percentile will *always* be three standard deviations below the mean." Objs. at 3. Plaintiff fails to cite to any authority for its mathematical assertions or the Psychometric Conversion Table. *See generally* Objs.

Neither the ALJ in denying Plaintiff's claim, nor Magistrate Judge Becerra in affirming the ALJ's decision, had the benefit of Plaintiff's "brief review of statistics." Instead, they had only raw test results without a helpful explanation or guide for conversion to metrics that were relevant

4


to a determination of whether Claimant was disabled per 20 C.F.R. § 416.906. Plaintiff's argument that determining the standard deviation metric from Dr. Marban's results "is no more complicated that [*sic*] reading a simple table" misses the point—neither the ALJ nor Magistrate Judge Becerra *had that table*. Although the undersigned separately searched for and found the table that Plaintiff attaches to the Objections, *see Psychometric Conversion Table*, RITENOUR SCHOOL DISTRICT, https://www.ritenour.k12.mo.us/cms/lib/MO01910124/Centricity/Domain/69/Psychometric_Conversion_Table.pdf, the table lists no author or explanation as to how it was derived.

The ALJ and Magistrate Judge Becerra did not err in failing to search for such a table to *sua sponte* convert Dr. Marban's raw test scores to standard deviations. *See Sweet v. Lockheed Martin Corp.*, No. 1:08-CV-2094-WBH, 2010 WL 11493760, at *3 (N.D. Ga. Mar. 31, 2010) (adopting part of a magistrate's order ruling against the defendant because he failed to sufficiently articulate his argument, and opining that the magistrate is not required "to read minds or sift through the record to divine a party's claims"); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). The "primary responsibility for producing medical evidence demonstrating the severity of [Claimant's] impairments" was on Plaintiff, not the ALJ. *See Flener ex rel. Flener v. Barnhart*, 361 F.3d 442, 448 (7th Cir. 2004) (dismissing claimant's argument that the ALJ erred by failing to recruit an independent medical expert to convert raw test scores to standard deviations).

The Court agrees with Magistrate Judge Becerra that the ALJ did not err in discounting Dr. Marban's opinions, especially because Dr. Marban's test results were inconsistent with and undercut by her opinions. *See, e.g.*, R. at 575 ("The results of the intellectual test appear to be a slight underrepresentation of [Claimant's] IQ due to his high level of distractibility."). Further, Magistrate Judge Becerra did not err in finding that Dr. Marban's opinions comported with the

5

ALJ's decision because Magistrate Judge Becerra did not have the benefit of Plaintiff's explanation and conversion table. Accordingly, despite the arguments raised in the Objections, the Court (1) relies on Magistrate Judge Becerra's finding that discounting Dr. Marban's opinion was not error, and (2) need not adopt the finding that even if the ALJ had erred, any such error was harmless.

UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 25) is ADOPTED IN PART. It is FURTHER ORDERED that Defendant's Motion (ECF No. 22) is GRANTED and Plaintiff's Motion (ECF No. 20) is DENIED. Final Judgment is hereby entered in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Rosa Rodriguez, obo R.C. The Administrative Law Judge's decision is AFFIRMED. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  29th  day of September, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record